G. WAYNE GIBBS vs. THEODORE J. BRODEUR & others.  April 7, 1971.
This is a bill in equity to reach and apply certain shares of stock in the Oxford
Manor Nursing Home, Inc. and certain trust certificates in the Oxford Manor
Realty Trust allegedly owned by the defendant Brodeur.  The plaintiff
claims that the defendants Broduer and T. J. Brodeur Associates, Inc.,
jointly and severally, owe him the sum of $25,500 under a "Security Agree-
ment."  The "Security Agreement" was later modified by a memorandum
which shows that the plaintiff was to receive $16,000 of the amount he pres-
ently claims only if he succeeded in arranging a specific loan.  The parties
stipulated that a Mr. Joseph Talamo be appointed "Escrow Agent" to hold
certain monies under the "Security Agreement" apparently to await the
determination of the claim of the plaintiff.  This stipulation was later amended
because of the death of Mr. Talamo and a Mr. Harry Zarrow was appointed
"Escrow Agent."  The trial judge made "Findings, Rulings and Order for
Decree" which he subsequently adopted as his "Report of Material Facts."
He found that the amount due the plaintiff "from Brodeur is $8500."  A
final decree was entered to that effect and ordered Mr. Talamo to pay to the
plaintiff "out of the moneys in his possession . . . [as Escrow Agent] the
sum of . . . $8,500."  The plaintiff appealed from the final decree.  The
evidence is reported.  The plaintiff claims, in essence, that the judge erred
in not entering a decree "in the amount of $25,500," because the "Security
Agreement" was under seal.  We do not agree.  The plaintiff testified on
cross-examination that he did not arrange the loan as called for in the mem-
orandum.  Thus it is clear that there was a failure of consideration.  (The
apparent discrepancy in the total claim of $25,500, rather than the total of
$24,500, namely, $8,500 plus $16,000, is due to the fact that the parties state
that the figure in the "Security Agreement" should have been $25,500 in-
stead of $24,500.  In any event, it does not affect our holding in this case.)
The decree is to be modified by striking the name "Joseph Talamo" from
the decree and inserting in place thereof the name Harry Zarrow, and as so
modified the decree is affirmed with costs of appeal.

                                                                    *So ordered.*

*Albert E. Fuller* for the plaintiff.
*Harry Zarrow* for Theodore J. Brodeur & another.